IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NECHERI C. GRANT,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

    Defendant.

Civ. No. 3:14-cv-01582-MC

OPINION AND ORDER

**MCSHANE, Judge:**

    Plaintiff Ms. Necheri C. Grant brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income payments (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The issue before this Court is whether the Administrative Law Judge (ALJ) erred in forming Grant's residual functional capacity (RFC) to include that she could perform simple, routine work. Because the ALJ reasonably weighed the evidence regarding Grant's mental abilities, the Commissioner's decision is **AFFIRMED**.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Grant was awarded SSI benefits as a child starting March 25, 2010. Tr. 69. Under Section1614(a)(3)(H) of the Social Security Act, her disability status was reconsidered under adult standards upon turning eighteen. Tr. 17. In a Disability Redetermination Decision dated August 3, 2011, Grant was found to be no longer disabled. Tr. 17, 93. Grant timely requested a hearing before an ALJ. Tr. 33. After a hearing, the ALJ denied Grant's claim by written decision dated September 14, 2012. Tr. 14. The Appeals Council denied review, rendering the ALJ's decision final. Tr. 1, 12. Grant now seeks judicial review of that decision.

Ms. Grant was born March 17, 1993. Tr. 26, 84. She earned a General Education Diploma (GED), but has no relevant past work history. Tr. 509, 26. Grant alleges disability due to anxiety disorder, depressive disorder, and a history of alcohol abuse. Tr. 19.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence on the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Amin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th.Cir. 1997)). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

2 – OPINION AND ORDER

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Charter*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If a claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of performing certain types of work after considering the claimant's RFC, age, education, and work experience. *Id.*

Grant contends that the ALJ erred in determining and applying her RFC under step four and five of the sequential evaluation.[1] In particular, Grant argues that the ALJ erred by: (1) improperly rejecting state agency psychological consultant Megan Nicoloff's, Psy.D. opinion that Grant is limited to simple, one-to-two step tasks; and (2) improperly rejecting the opinion of medical expert Robert Davis, Ph.D., that she had "marked limitations" in concentration, persistence, or pace.

---

[1] The ALJ's RFC at Step Four:
  After careful consideration of the entire record, I find that since August 1, 2011, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: is limited to simple, repetitive tasks, with no public contact and only occasional contact with coworkers. Tr. 21.

3 – OPINION AND ORDER

*I. Dr. Nicoloff's Opinion*

Grant contends that the ALJ erred by not giving legitimate and specific reasons for rejecting Dr. Nicoloff's opinion that she is limited to performing "simple, one-to-two step tasks." *See* Pl.'s Br. 4–7, ECF No. 16. In response, defendant argues that although the ALJ did not explicitly state why he rejected that part of Dr. Nicoloff's opinion, the ALJ reasonably weighed the evidence regarding Grant's cognitive functioning and supported his findings that she is limited to performing "simple, routine tasks." And in the alternative, any error was harmless. *See* Def's Br. 4–7, ECF No.18.

This Court finds that the ALJ properly based his finding on substantial evidence in the record. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039 Here, the ALJ found Grant capable of performing "simple, repetitive tasks," a finding that differs with Dr. Nicoloff's assertion that Grant is only capable of simple, "one-to-two step tasks." Tr. 21, 427. The ALJ supported his decision by properly weighing the evidence and explaining his interpretation on the record. Tr. 21-26.

Grant claimed she is incapable of performing any work. The ALJ found her not credible because the record shows that Grant earned her GED, takes public transportation to get around, and regularly completes a variety of household chores. Tr. 20, 24, 37-38, 407. Grant does not challenge the ALJ's credibility finding.

To aid in forming his RFC, the ALJ considered reports and testimony from a variety of treating, examining, and reviewing medical sources. In his written decision, the ALJ noted that examining physician Amy Hughes, MSW, QMHP, found Grant's "memory intact, and her thought processes goal directed." Tr. 24. In Hughes's report, she noted that Grant's attention

and cognitive abilities were age-appropriate, her intellect was average, her mind was oriented, memory intact, and she had normal thought content. Tr. 446.

The ALJ also discussed the findings of examining physician, Jane Starbird, Ph.D. Tr. 23. Dr. Starbird found Grant mentally oriented, and could perform serial 3s, multiply 3 times 15, spell the word "world" forward and backwards, and remember 1 out of 3 words after four minutes. Tr. 23. In her report, Dr. Starbird wrote that Grant possessed organized thoughts with moderate concentration. Tr. 408.

The ALJ also considered the opinion of Dr. Nicoloff, a non-treating, non-examining physician. Tr. 25. The ALJ gave Dr. Nicoloff's opinion "some weight." Tr. 25. Dr. Nicoloff concluded that Grant was limited to performing work consisting of "simple, one-to-two step tasks." Tr. 25, 427. She formed this conclusion on her record-based evaluation of Grant's "sustained concentration and persistence," a category comprising of eleven mental activities that Dr. Nicoloff assessed. Tr. 425-26. In this category, Dr. Nicoloff found that Grant had no "marked limitations" and was only "moderately limited" in one activity: the ability to carry out detailed instructions. Tr. 425-26. Accordingly, Dr. Nicoloff found that Plaintiff had no significant limitations in the ten remaining activities: Plaintiff's ability to remember locations and work-like procedures; to understand and remember very short simple instruction; to carry out very short and simple instructions, to maintain attention and concentration for extended periods, to perform activities within a schedule, to be punctual; to sustain ordinary routine without special supervision, to work in coordination or proximity to others without being distracted by them; to make simple work-related decision; and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable rest. Tr. 425-26.

In one portion of her report, Dr. Nicoloff found that Grant had only moderate difficulties maintaining concentration, persistence, or pace and is limited to "simple, repetitive tasks," a finding almost identical to that of the ALJ. Tr. 421, 423. Without explanation Dr. Nicoloff concludes that Grant is limited to "simple one-to-two step tasks." Tr. 427. "The weight afforded a non-examining physician's testimony depends 'on the degree to which they provide supporting evidence for their opinions.'" *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1201 (9th Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(3)). Dr. Nicoloff gave no explanation for her conclusion or for contradictions in her report. Accordingly, the ALJ properly limited the weight given to it.

Reviewing physician Joshua Boyd, Psy.D. affirmed Dr. Nicoloff's assessment, but specifically stated that Grant has "[n]o significant deficits in attention, concentration, or memory." Tr. 484. Dr. Boyd wrote that "[t]he claimant's current complaints appear to be specifically aimed at retaining eligibility and are not credible as they are contradicted by prior notes." Tr. 484.

The ALJ also considered and properly rejected the findings of three doctors who opined that Grant was either unable to work or was limited in concentration, persistence, or pace. Tr. 52, 483, 492. Dr. Davis, a non-treating non-examining doctor, testified that Grant had "marked limitations" in concentration, persistence or pace, but the ALJ gave no weight to this finding because it was not supported by independent evidence in the record. Tr. 22, 52; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (the conclusion of a non-treating, non-examining physician "may constitute substantial evidence when it is consistent with other independent evidence in the record"). Treating doctor, Joyce Ochsner, Ph.D. wrote two letters stating that Grant was unable to work due to her emotional state. Tr. 483, 492. The ALJ rejected this opinion because Grant did not attend the majority of her scheduled counseling appointments, failed to avail herself of the treatment resources available to her; and, in addition, Dr. Ochsner's

6 – OPINION AND ORDER

opinion was not supported by medical evidence of the record as a whole. Tr. 25. Treating doctor, Ella Vining, MD, also wrote two letters stating that Grant is unable to work. Tr. 452. The ALJ gave no weight to these letters because they are, "essentially just Dr. Vining setting forth subjective complaints of the claimant and claimant's family, which are not supported by the medical evidence of record."[2] Tr. 25. As discussed above, the ALJ concluded Grant was not credible. This Court finds that the ALJ properly supported his finding with substantial evidence in the record that Grant is limited to performing simple repetitive tasks.

Even if the ALJ made a legal error in rejecting Dr. Nicoloff's finding that Gramt is limited to "simple, one-to-two step tasks," any error is harmless. An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008), citing *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Supposing the court takes Dr. Nicoloff's opinion as true, nothing in the record, including Dr. Nicoloff's own assessment, supports the limitation of "simple, one-to-two step tasks." Taken with the fact that Dr. Nicoloff gave no explanation for her finding, tr. 426, it does not constitute substantial evidence and the ALJ is not required to give the unsupported part of Dr. Nicoloff's opinion any weight. *Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4 (9th Cir. 1990). Therefore, this Court finds that any error is inconsequential to the ultimate nondisability determination.

## *II. Dr. Davis's Opinion*

Grant contends that the ALJ erred in his consideration of Dr. Davis's opinion. *See* Pl.'s Br. 7–9, ECF No. 16. In response, defendant argues the ALJ properly rejected the opinion of Dr. Davis by reference to specific evidence in the medical record. *See* Def's Br. 8–10, ECF No.18.

---

[2] Plaintiff does not contest ALJ's rejection of Dr. Ochsner or Dr. Vining. The ALJ's rejection of Dr. Davis' finding is discussed below.

7 – OPINION AND ORDER

The ALJ may give a non-treating non-examining physician's conclusion zero weight if it is not supported by substantial evidence of the record. *Pitzer*, 908 F.2d at 506 n.4. "In conjunction with relevant regulations, [the Ninth Circuit has] . . . developed standards that guide [the courts'] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "The weight afforded a non-examining physician's testimony depends 'on the degree to which they provide supporting evidence for their opinions.'" *Id.* at 1201 (quoting 20 C.F.R. § 404.1527(d)(3)). Accordingly, "[a] non-examining physician's conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician." *Pitzer*, 908 F.2d at 506 n. 4.

Here, the ALJ properly attributed zero weight to a portion of the testimony of Dr. Davis because it was not supported by any substantial evidence of the record. Tr. 22-23. With regard to Dr. Davis' testimony, the ALJ found:

> The medical evidence of record as a whole does not support a finding that claimant would meet the paragraph "C" criteria of listings 12.04 and 12.06, or be as limited as opined by Dr. Davis in concentration, persistence, or pace, as discussed previously. However, Dr. Davis did indicate that it was difficult for him to assess the claimant's functioning, in part because the claimant had not made herself available for the treatment he believes would significantly improve her condition. Further, based on the claimant's GED and other activities in the record, I find that only a mild limitation in activities of daily living and a moderate limitation in concentration, persistence, or pace are supported.

*Id.*

To support his conclusion, Dr. Davis testified that he "sense[d]" that Grant went "in and out" of having marked limitations in her concentration, persistence, or pace. Tr. 52-53.

However true it may be that Grant's cognitive function fluctuates in this area, the record lacks substantial evidence showing that her limitations increase beyond that of "moderate."[3] Dr. Davis' conclusion, standing alone, does not constitute substantial evidence and the ALJ need not give it any weight. The ALJ properly gave no weight to this portion of Dr. Davis' opinion because it was inconsistent with Grant's educational achievement and her daily living activities mentioned above. In addition, the ALJ pointed out that Dr. Davis himself testified to the difficulties of properly assessing Grant due to her lack of treatment, proper screening, and work history. Tr. 51-53. By explaining the reasons for giving no weight to Dr. Davis' finding, and basing those reasons on substantial evidence in the record, the ALJ properly rejected Dr. Davis' unsupported opinion about Plaintiff's concentration, persistence, or pace.

## **CONCLUSION**

For the above reasons I find that the ALJ supported his findings with substantial evidence in the record and gave proper weight to the opinions of Dr. Nicoloff and Dr. Davis. As such, this Court holds that the ALJ's RFC is free from legal error and therefore the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this _30_ day of November, 2015.

_____
**Michael J. McShane**
**United States District Judge**

---

[3] No other treating, examining, or non-treating, non-examining medical source found marked limitations in plaintiff's concentration, persistence, or pace, however, examining physicians, Dr. Starbird and Ms. Hughes found moderate limitations in plaintiff's concentration and other cognitive abilities. Tr. 407-09, 445-46. Non-treating, non-examining physicians, Dr. Nicoloff and Dr. Boyd also assessed moderate limitations is this area. Tr. 421, 425-27, 484.

9 – OPINION AND ORDER